ROBERT F. DATNER, ESQUIRE
ATTORNEY IDENTIFICATION No. 63086
THE DATNER FIRM                                           ATTORNEY FOR PLAINTIFF
340 N LANSDOWNE AVENUE
LANSDOWNE, PENNSYLVANIA 19050
TELEPHONE: 610-394-3000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANN YUSKO<br>1605 WEST PORTER STREET<br>PHILADELPHIA, PENNSYLVANIA 19145<br><br>v.<br><br>NCL (BAHAMAS) LTD.<br>d/b/a NORWEGIAN CRUISE LINE<br>7665 CORPORATE CENTER DRIVE<br>MIAMI, FLORIDA 33123 | CASE No. |

## COMPLAINT

COMES NOW, Plaintiff, Joanne Yusko, by and through her undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, (hereinafter "NCL"), and states as follows:

1.  This is a maritime action for personal injury damages in excess of $75,000.00.

2.  That Defendant, "NCL", is a foreign corporation, authorized to do, and doing business, in the State of Florida, and did business in Florida as "NCL", providing cruising voyages to paying passengers, and owned and/or operated a cruising vessel known as the "NORWEGIAN GEM".

3.  Joanne Yusko is a citizen of the United States of America, residing in the Commonwealth of Pennsylvania, at the address above captioned, and therefore diversity exists.

4.  That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

5. That venue is proper in the Eastern District of Pennsylvania in that Plaintiff, Joanne Yusko's principal place of residence is in Philadelphia, Pennsylvania.

6. That on December 5, 2017, Plaintiff, Joanne Yusko, was a fare-paying passenger on the "NCL" vessel "NORWEGIAN GEM", that was at all times material hereto, a vessel owned and operated by Defendant, "NCL".

7. That on December 5, 2017, Plaintiff, Joanne Yusko, was an invitee upon the vessel owned and operated by Defendant, "NCL", having come onto the vessel to make use of the facilities as a fare- paying passenger.

8. That on December 5, 2017 Plaintiff, Joanne Yusko, was attending a ship entertainment event in the Spinnaker Room when she was caused to fall to the ground injuring herself.

9. That on December 5, 2017, Plaintiff, Joanne Yusko was participating in a dancing event organized by and under the supervision and control of employees and agents of the Defendant. Said event was known as Dancing with the Stars.

10. During the event Plaintiff, Joanne Yusko, was called to dance with an employee/ agent of Defendant who aggressively spun and moved Plaintiff, Ms. Yusko, causing her to fall and strike her head.

11. That at the aforementioned time and place, the Defendant, through its agents and/or employees, was negligent in the following acts of commission and/or omission:

   a. Failure to properly maintain the cruising vessel NORWEGIAN GEM in a reasonably safe condition for use by Plaintiff and others similarly situated.
   b. Failure to properly train Defendant's employees and agents in exercising reasonable care while performing, directing, organizing and participating in ship entertainment events.
   c. Failure to properly train and/or supervise employees and agents of the Defendant.
   d. Failure to warn Plaintiff of the nature and dangers of the dancing event on Defendant's cruising vessel of which Defendant either knew or should have knew through the use of reasonable care.
   e. Failure to exercise reasonable care under the circumstances.

    f. Failure to provide adequate security to its passengers.

    g. Failure to determine whether a ship passenger, such as Plaintiff, was physically capable of participating in a strenuous entertainment activity.

    h. Failure of ship's employee/ agent who was the assigned dancing partner of Plaintiff to act reasonably and in a manner that would keep Plaintiff safe.

    12. That as a direct and proximate result of the aforementioned negligence on the part of Defendant "NCL" Plaintiff, Joanne Yusko, was injured in and about her body and extremities; was caused great physical pain and mental suffering; and will within reasonable medical probability; has suffered physical and mental losses and impairments which are, within a reasonable degree of medical probability, permanent and/or continuing in nature, and will suffer said losses and impairments in the future; has been caused to expend money for the treatment of her injuries and will, in the future, be caused to expend further monies for treatment of her injuries.

    WHEREFORE Plaintiff, Joanne Yusko, demands judgment for damages against Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, a trial by jury, and any such other relief to which the Plaintiff may be justly entitled.

THE DATNER FIRM

BY: _____
**ROBERT F. DATNER, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**