**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-20479-KMM

JOANN YUSKO,

  Plaintiff,

v.

NCL (BAHAMAS) LTD.,

  Defendant.

_____/

**<u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>**

THIS CAUSE came before the Court upon Defendant NCL (Bahamas) Ltd.'s ("Defendant" or "NCL") Motion for Summary Judgment. ("Mot.") (ECF No. 60). Plaintiff Joann Yusko ("Plaintiff") filed a response ("Resp.") (ECF No. 71), and Defendant filed a reply ("Reply") (ECF No. 77). The Motion is now ripe for review. For the reasons set forth below, NCL's Motion for Summary Judgment is GRANTED.

**I. BACKGROUND[1]**

This is a maritime personal injury action brought by Plaintiff against NCL for damages she allegedly sustained while onboard the Norwegian *Gem*. *See* Def.'s 56.1 ¶¶ 1, 10. On December 5, 2017, Plaintiff, participated in a dance competition. *Id.* ¶ 4. Plaintiff wrote her name on a piece of paper to volunteer to participate in the dance competition. *Id.* Then, six passengers were selected at random, including Plaintiff, and the passengers were paired with crewmembers to

---

[1] The undisputed facts are taken from Defendant's Statement of Undisputed Facts, which is incorporated into its Motion for Summary Judgment ("Def.'s 56.1") (ECF No. 60); Plaintiff's Response to Defendant's Statement of Undisputed Facts ("Pl.'s Resp. 56.1") (ECF No. 70); Defendant's Reply to Plaintiff's Additional Material Facts, which is incorporated into its Reply ("Def.'s Reply 56.1") (ECF No. 77); and a review of the corresponding record citations and exhibits.

compete in the dance competition. *Id.* ¶ 7. The pairs then danced and were judged based on how much fun they were having. *Id.* ¶¶ 5, 7. Plaintiff was paired with crewmember Michael Kaskie ("Kaskie"), a professional dancer employed by NCL. *Id.* ¶ 9. Plaintiff danced with Kaskie for about thirty or forty seconds before falling and hitting her head. *Id.* ¶ 10.

Plaintiff filed a one-count Complaint against NCL alleging several theories of negligence: (1) failure to warn of the dangers of the dance competition; (2) failure to properly maintain the ship in a reasonably safe condition; (3) failure to train and supervise its employees; (4) failure to exercise reasonable care under the circumstances; (5) failure to determine whether a passenger was physically capable of participating in strenuous entertainment activity; and (6) failure of NCL's employee to act in a reasonable manner. *See* Complaint ("Compl.") (ECF No. 1) ¶ 11. Now, NCL moves for summary judgment.

## II.     LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ. P. 56. A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* Moreover, "[f]or factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation or conjecture cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 607–08 (11th Cir. 1991) (citations omitted). "In assessing whether the movant has met this burden, the court should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non–moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc*., 284 F.3d 1237, 1243 (11th Cir. 2002); *see also* Fed. R. Civ. P. 56(e).

"If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc*., 975 F.2d 1518, 1534 (11th Cir. 1992). Credibility determinations and the weighing of the evidence are jury functions, not those of a judge at the summary judgment stage. *Strickland v. Norfolk S. Ry. Co*., 692 F.3d 1151, 1154 (11th Cir. 2012). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non–moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.   DISCUSSION**

"Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law." *Luther v. Carnival Corp*., 99 F. Supp. 3d 1368, 1370 (S.D. Fla. 2015) (citing *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318, 1320 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp*., 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). A cruise ship operator

is "not liable to passengers as an insurer," but only liable for its negligence. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 907 (11th Cir. 2017) (citation omitted).

To establish a claim for negligence, a plaintiff must prove that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro*, 693 F.3d at 1336. It is well established that a cruise ship operator owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp.*, 635 F. App'x 595, 600–01 (11th Cir. 2015) (citation omitted). This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "Further, a cruise ship operator's duty of reasonable care includes a duty to warn passengers of dangers of which the carrier knows or should know, but which may not be apparent to a reasonable passenger." *Taiariol v. MSC Crociere, S.A.*, No. 0:15-CV-61131-KMM, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016), *aff'd*, 677 F. App'x 599 (11th Cir. 2017) (citation and internal quotation marks omitted). Where a danger is open and obvious, there is no duty to warn. *Smith v. Royal Caribbean Cruises, Ltd.*, 620 F. App'x 727, 730 (11th Cir. 2015).

NCL argues that (1) the potential danger of falling while dancing was open and obvious and thus there was no duty to warn; (2) even if the danger was not open and obvious, Plaintiff cannot demonstrate that NCL was on actual or constructive notice of the alleged risk-creating condition; (3) Plaintiff cannot prove that any negligence by NCL proximately caused her alleged injuries; and (4) Plaintiff cannot provide reliable medical expert testimony establishing causation for her non-apparent injuries. *See generally* Mot. In response, Plaintiff argues that (1) the evidence pertaining to Kaskie's manner of dancing creates a genuine issue of material fact; (2) Defendant's

4

open and obvious argument does not apply because this is not a premises liability claim; (3) even if an open and obvious analysis does apply, Kaskie's dangerous manner of dancing was not open and obvious; (4) notice of the risk-creating condition is presumed because Defendant took direct action that injured Plaintiff; and (5) the record contains evidence that Plaintiff's fall on her head caused her brain injury.  *See generally* Resp.

        A.        <u>Whether the Danger was Open and Obvious</u>

First, Defendant argues that the danger of falling when dancing is open and obvious and therefore Plaintiff assumed the risk by volunteering for the dance competition. Mot. at 6–9. In response, Plaintiff argues that (1) the open and obvious analysis does not apply because this is not a premises liability case; and (2) even if the open and obvious analysis does apply, Kaskie's dangerous manner of dancing was not open and obvious. Resp. 3–4.

Under federal admiralty law, a cruise ship only has a duty to warn of a dangerous condition which is not open and obvious. *Krug v. Celebrity Cruises, Inc.*, 745 F. App'x 863, 866 (11th Cir. 2018). "An open and obvious condition is one that should be obvious by the ordinary use of one's senses." *Id.* (citation omitted). Whether a danger is open and obvious is an objective standard and the focus of the inquiry is not on the plaintiff's subjective perspective. *Id.* (citation omitted).

As an initial matter, the Court addresses Plaintiff's argument that the open and obvious analysis does not apply here. Specifically, Plaintiff argues that the open and obvious analysis only applies in a premises liability case, and, therefore, is not applicable in this matter. Resp. at 3. Plaintiff does not cite to any legal authority to support this proposition. *See id.* Moreover, the open and obvious analysis is not limited to premises liability cases. Courts have consistently held that under federal admiralty law, cruise ship operators have no duty to warn of a danger that is open and obvious. *See, e.g.*, *Krug*, 745 F. App'x at 866; *Young v. Carnival Corp.*, No. 09-21949-

5

CIV, 2011 WL 465366, at *3 (S.D. Fla. Feb. 4, 2011) (citations omitted); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237–38 (S.D. Fla. 2006). And, as articulated above, federal admiralty law applies here. *See Luther*, 99 F. Supp. 3d at 1370 (citation omitted). Accordingly, the Court must undergo an open and obvious analysis to determine if Defendant owed a duty to Plaintiff.[2]

Defendant makes two arguments in support of its contention that the danger of falling while dancing was open and obvious. First, Defendant argues that the danger of falling while dancing was open and obvious to Plaintiff because she danced all the time. Mot. at 8 (citing Dep. of Plaintiff (ECF No. 58–2) 105:9–14 & 169:10–18); *see also* Pl.'s Resp. 56.1 ¶ 6. However, whether a danger is open and obvious is an objective determination. *See Krug*, 745 F. App'x 866. Therefore, Plaintiff's subjective experiences dancing are not relevant in determining whether the danger was open and obvious. *John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) ("Individual subjective perceptions of the injured party are irrelevant in the determination of whether a duty to warn existed."). Rather, the question is whether there is a danger that would have been open and obvious to a reasonable person. *See Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 952 (11th Cir. 2016).

Second, Defendant argues that the danger of falling while dancing is open and obvious to the reasonable person and, therefore, does not create a duty to warn. Mot. at 7–8. In response,

---

[2] Plaintiff additionally argues that "she is not making any duty to warn arguments." Resp. at 3. However, in the Complaint, Plaintiff alleges a negligence theory based on a failure to warn. Compl. at ¶ 11 ("Failure to warn Plaintiff of the nature and dangers of the dancing event on Defendant's cruising vessel of which Defendant either knew or should have knew through the use of reasonable care."). Moreover, if the dangerous condition is open and obvious, then Defendant owed no duty to Plaintiff and summary judgment is warranted in this matter without the Court reaching the issue of notice. *See Smith*, 620 F. App'x at 730 ("[F]ederal courts need not even reach the defendant's actual or constructive notice of a risk-creating condition if [the court] determine[s] that the condition is open and obvious."). Therefore, the Court first addresses whether the dangerous condition was open and obvious.

Plaintiff argues that the alleged dangerous condition is not the general risk of falling while dancing, but the specific risk associated with Kaskie's dangerous manner of dancing. Resp. at 3–4. Generally, falling while dancing with a partner is the type of danger that is open and obvious to the reasonable person. *See Young*, 2011 WL 465366, at *4 (holding that tripping while hiking is an open and obvious danger); *Isbell*, 462 F. Supp. 2d at 1237–38 (S.D. Fla. 2006) (holding that encountering snakes while in a rainforest is an open and obvious danger); *Krug v. Celebrity Cruises, Inc.*, No. 16-22810-CIV, 2017 WL 4277165, at *3 (S.D. Fla. Sept. 25, 2017), *aff'd*, 745 F. App'x 863 (11th Cir. 2018) (holding that tripping while running across a dancefloor is an open and obvious danger). However, courts have also held that a dangerous condition is not open and obvious where a reasonable person may be aware of the dangerous condition, but the extent of the danger is unreasonable or unforeseeable. *See, e.g.*, *Frasca*, 654 F. App'x at 952–53 (holding that the district court erred in granting summary judgment where "[t]he [evidence] suggests that a reasonable person would have known that the deck was slippery, but not as slippery as it actually was"); *Gordon v. NCL (Bahamas) Ltd.*, 18-cv-22334-KMM, 2019 WL 1724140, at *3 (S.D. Fla. Apr. 15, 2019) ("A surface that is unreasonably slippery when wet is not open and obvious.") (citation omitted); *Snider-Hancox v. NCL Bahamas Ltd.*, 2018 WL 6308683, at *3–4 (S.D. Fla. Sept. 26, 2018) (finding that "it [was] undisputed that the slippery liquid on the floor . . . was visible, [but] it remains disputed as to whether it was apparent enough to preclude liability") (citation omitted); *see also Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1323 (S.D. Fla. 2011) (distinguishing between unforeseeable and inherent dangers of zip lining). Therefore, if the evidence tends to show that Kaskie's manner of dancing was unreasonable or unforeseeable to the reasonable person, then the dangerous condition would not be open and obvious.

Plaintiff argues that Kaskie's manner of dancing was unreasonably dangerous, and therefore, not open and obvious. Resp. at 4–5. Plaintiff cites to the video recording of the accident, (ECF No. 66), supplemented by Plaintiff's dance expert's, Shannon Knauss ("Knauss"), report, (ECF No. 58–1), and testimony, (ECF No. 58–2), as evidence of Kaskie's unreasonably dangerous manner of dancing.[3] Resp. at 1–2. Upon review of the video recording of the incident, viewed in the light most favorable to Plaintiff, there is a dispute of fact as to whether Kaskie's manner of dancing was unreasonably or unforeseeably dangerous. *See* (ECF No. 66). Therefore, summary judgment is not warranted as to whether the danger was open and obvious.

B. Whether There Was Notice of the Risk-Creating Condition

Second, Defendant moves for summary judgment arguing that there is no evidence of actual or constructive notice of the dangerous condition. Mot. at 9–11. In response, Plaintiff argues that (1) notice is presumed when an injury is caused by a defendant's direct action; and (2) Kaskie "knew what he was doing as he flung the Plaintiff around the dance floor." Resp. at 4.

**1. Notice of the Risk-Creating Condition is Not Presumed**

As a threshold matter, the Court addresses Plaintiff's argument that notice of the risk-creating condition is presumed where an injury is caused by a defendant's direct action. Resp. at 4. Plaintiff cites no legal authority in support of this proposition. *See id.* Moreover, the Eleventh Circuit has held that actual or constructive notice of the risk-creating condition is a prerequisite to imposing liability, regardless of a defendant's creation of the risk-creating condition. *See*

---

[3] Defendant also moves to exclude Knauss's expert report and testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). *See* Defendant's *Daubert* Motion (ECF No. 58) at 1–14. However, as articulated herein, even if Knauss's expert report and testimony are excluded pursuant to *Daubert*, the video of the incident by itself is sufficient to create a genuine issue of material fact to preclude summary judgment as to whether Kaskie's manner of dancing was an open and obvious danger.

8

*D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 797 (11th Cir. Sept. 26, 2019) ("The carrier's 'mere creation or maintenance of a defect' alone is not enough to establish liability unless a jury could infer actual or constructive notice.") (citation omitted); *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 566–67 (11th Cir. 2017) (reversing a district court's determination that a cruise line operator could be liable for negligence without actual or constructive notice as long as it "negligently created or maintained its premises") (citation omitted). Therefore, the fact that Defendant's direct action may have caused Plaintiff's injury is not enough by itself to establish liability unless a jury could infer actual or constructive notice of the risk-creating condition. *Everett*, 912 F.2d at 1358–59 (holding that the court erroneously instructed the jury that a cruise ship operator could be liable for negligence without actual or constructive notice as long as it "negligently created or maintained its premises").

Accordingly, for summary judgment to be precluded, there must be evidence in the record that Defendant had actual or constructive notice of the dangerous condition. In fact, Courts routinely grant summary judgment in a defendant's favor when a plaintiff fails to adduce evidence on the issue of notice. *See Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1324 (S.D. Fla. 2015) (granting summary judgment "[b]ecause Plaintiff ha[d] failed to cite any evidence in the record showing that [the defendant] had actual or constructive notice of the risk–creating condition alleged in the complaint"); *Thomas v. NCL (Bahamas) Ltd.*, No. 13-24682-CIV, 2014 WL 3919914, at *4 (S.D. Fla. Aug. 11, 2014) (granting summary judgment where "[t]he unrefuted evidence in the record . . . indicates a lack of actual or constructive notice"); *Cohen*, 945 F. Supp. 2d 1351, 1355 (S.D. Fla. 2013) (granting summary judgment where plaintiff "presented no evidence that [Defendant] had actual or constructive notice of the alleged risk-creating condition").

### 2. There is No Evidence of Notice of the Risk-Creating Condition

Defendant argues that Plaintiff has not, and cannot, proffer evidence of actual or constructive notice of the risk-creating condition. Mot. at 10. In response, Plaintiff argues that Kaskie "knew what he was doing as he flung the Plaintiff around the dance floor." Resp. at 4.

A plaintiff can show actual notice by showing that the ship operator knew about the alleged risk-creating condition. *Sutton v. Royal Caribbean Cruises, Ltd.*, 774 F. App'x 508, 511 (11th Cir. 2019) (citation omitted). In the absence of actual notice, a plaintiff can establish constructive notice by (1) pointing to evidence that the risk-creating condition existed for a sufficient period of time to invite corrective measures; or (2) submitting "evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior incident." *Id*. (citations omitted).

Defendant points to the absence of evidence in the record demonstrating that it had actual or constructive notice of the risk-creating condition. *See* Mot. at 9–11. A moving party may show an absence of evidence in the record to support the non-moving party's case to meet its burden of showing that there is no genuine issue of material fact. *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 723 (11th Cir. 2019) ("NCL may carry its burden of showing no genuine issue of material fact by showing 'an absence of evidence to support the nonmoving party's case.'") (citation omitted); *Denney*, 247 F.3d at 1181 ("[W]hen the non-moving party bears the burden of proof on an issue, the moving party need not support its motion with [evidence] negating the opponent's claim. . . . Instead the moving party simply may show . . . there is an absence of evidence to support the nonmoving party's case.") (internal citation and quotation marks omitted); *see also Cohen*, 945 F. Supp. 2d at 1355–56 (collecting cases). Here, Defendant points to the absence of any accident reports, passenger comment reviews or forms, reports from inspections, or substantially similar

accidents that would have put Defendant on notice of any potential safety concerns associated with participating in the dance competition generally or dancing with Kaskie specifically. Mot. at 10. Moreover, NCL's corporate representative and Kaskie testified that within the three-year period preceding Plaintiff's incident there were no prior incidents involving passengers dancing with Kaskie, during the same or a similar dancing event on *Jewel*-class ships, or dancing with a crew member. Dep. of NCL Corporate Rep. (ECF No. 60–4) 10:18–12:24 & 31:17–34:13; Dep. of Kaskie (ECF No. 60–3) 20:17–21:8 & 52:11–19.

In response, Plaintiff argues that Defendant had actual notice of the risk-creating condition because a person has notice of his own actions. Resp. at 4. Specifically, Plaintiff argues that Kaskie "knew what he was doing as he flung the Plaintiff around the dance floor." Resp. at 4. However, knowledge of the condition, or in this case, the action of dancing, is insufficient, as "the defendant must know that the condition is dangerous." *Malley*, 713 F. App'x at 908. Thus, Plaintiff's conclusory statement that Kaskie "knew what he was doing[,]" (*i.e.*, that he was dancing), does not establish awareness of the risk-creating condition. Resp. at 4; *Malley*, 713 F. App'x at 908. Viewing the evidence in the light most favorable to Plaintiff, at best, this argument only establishes a mere implication of notice and a "mere implication of actual or constructive notice is insufficient to survive summary judgment." *Cohen*, 945 F. Supp. 2d at 1357.

Further, as to constructive notice, Plaintiff does not argue, nor point to any evidence, that the risk-creating condition existed for a sufficient period of time to place NCL on notice. *See generally* Resp.; *see also Guevara*, 920 F.3d at 723. Moreover, Plaintiff does not point to any substantially similar incidents that have occurred on any NCL ships. *See generally* Resp. Further, Plaintiff concedes that there were no substantially similar prior incidents where a passenger was injured while dancing with Kaskie, with another crewmember, or in any similar dance competition.

11

Pl.'s Resp. 56.1 ¶¶ 14–17. Accordingly, Plaintiff has not demonstrated that Defendant had actual or constructive notice of a risk-creating condition (*i.e.*, the danger of falling while in a dance competition or dancing with Kaskie). *See* Resp. at 4.

Plaintiff's only remaining argument relates to the risk-creating condition and how that in and of itself establishes notice. Specifically, Plaintiff argues that summary judgment is not appropriate because a reasonable jury could infer based on the video recording of the accident, supplemented by Plaintiff's expert's report and testimony, that Kaskie's manner of dancing was a risk-creating condition.[4] Resp. at 1–2. As set forth above, notice of the risk-creating condition is a prerequisite to a finding of liability. *See Keefe*, 867 F.2d at 1322. Therefore, even if the evidence shows that Kaskie's manner of dancing was a risk-creating condition, Plaintiff must point to evidence in the record that Defendant had actual or constructive notice of the risk-creating condition, which Plaintiff has not done. *Id.*

Thus, Plaintiff has not shown that there is record evidence creating a genuine issue of material fact. S*ee Mann*, 588 F.3d at 1303 (citation omitted). Rather, Plaintiff offers mere speculation or conjecture, which is not sufficient to create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *Cordoba*, 419 F.3d at 1181 (citation omitted). Accordingly, summary judgment is warranted.[5]

---

[4] As noted above, Defendant has moved to exclude Knauss's expert report and testimony pursuant to *Daubert*. *See generally* Defendant's *Daubert* Motion. However, as set forth herein, even if Plaintiff's expert report and testimony were considered by the Court, it is not sufficient to create a genuine issue of material fact on the issue of notice of the risk-creating condition.

[5] Defendant's remaining arguments pertain to Plaintiff's inability to establish causation and damages. *See* Mot. at 11–15. Specifically, Defendant argues that Plaintiff cannot prove any negligence by Defendant caused Plaintiff's injuries and there is no admissible medical testimony establishing causation and damages. *Id.* However, because notice is a prerequisite to a finding of liability, *see Keefe*, 867 F.2d at 1322, the Court need not reach these arguments.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, Response, Reply, pertinent portions of the record, and being otherwise fully advised in the premises, is hereby ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (ECF No. 60) is GRANTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT. DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of January, 2020.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: All counsel of record