The UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-20479-KMM

JOANN YUSKO,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO BIFURCATE THE ISSUES OF
LIABILITY AND DAMAGES FOR TRIAL**

Defendant, NCL (BAHAMAS) LTD. ("NCL"), by and through undersigned counsel and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure hereby moves to bifurcate the issues of liability and damages for trial, and states as follows:

1. This is a maritime personal injury action wherein Plaintiff alleges she fell while dancing with an NCL crewmember on the *Norwegian Gem* on December 5, 2017. [*See,* D.E. 28].

2. This action is currently set for a jury trial commencing on Monday, March 14, 2022.

3. Substantive evidence of liability in this case is limited to approximately 30 seconds of CCTV footage, and the testimony of the NCL employee alleged to be at fault which will be presented via deposition.[1]

4. The entire issue of liability can likely be presented to the jury for determination before lunch hour on day 1.

---

[1] The Plaintiff may also offer her own testimony and that of her traveling companion, however the Plaintiff testified at deposition that she has no recollection of the fall or any events leading to it, and the traveling companion did not witness the fall.

5. Padding such limited evidence of liability with days of medical testimony regarding damages is both inefficient to the Court and the jury, and unduly prejudicial to the defense given the facts of this case.

6. For the reasons more fully detailed below, the liability and damages issues should be separated in this case. The witnesses and evidence regarding liability differ entirely from the witnesses and evidence relating to damages.

7. As Such, NCL respectfully submits that bifurcation of trial into two (2) phases: liability and damages, is warranted for convenience and judicial economy under the particular circumstances of this case.

## MEMORANDUM OF LAW

### I. Standard for Bifurcation

The Court possesses the authority to bifurcate cases in appropriate circumstances pursuant to Rule 42(b), Federal Rules of Civil Procedure. *See*, e.g., *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001), cert. denied, 535 U.S. 1023 (2002). Rule 42(b) provides in pertinent part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b). "Whether to bifurcate a trial is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Blanco v. Capform, Inc.*, 2013 WL 118171, at *4 (S.D. Fla. Jan. 9, 2013) (quoting *Brown v. Toscano*, 630 F. Supp.2d 1342, 1345 (S.D. Fla. 2008)). The question of whether to bifurcate is thus left to the discretion of the Court, and this decision is generally based upon a determination of whether bifurcation will best serve the convenience of the parties and the Court, avoid prejudice, and

minimize expense and delay. *See*, e.g., *Gafen v. Tim-Bar Corp.*, 2002 WL 34731041, at *1 (S.D. Fla. Oct. 21, 2002), order clarified, 2002 WL 34731042 (S.D. Fla. Nov. 6, 2002); *see also Harrington v. Cleburne County Bd. of Education*, 251 F.3d 935, 938 (11th Cir.2001) (Rule 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely 'in furtherance of convenience.' This is not a high standard ...").

**II.     Evidence as to Liability and Damages are Distinct and Independent.**

As a threshold matter, the evidence that will be presented at trial regarding liability issues is separate and distinct from the evidence that will be presented regarding Plaintiff's alleged damages. It is unlikely that any witnesses called in conjunction with liability will need to be called back for a trial with respect to damages, other than Plaintiff herself. Evidence regarding liability for the subject accident does not bear on Plaintiff's injuries or subsequent medical treatment. To be clear, in light of this Court's granting NCL's Motion to Strike Plaintiff's Expert Shannon Knauss [D.E. 122] and the Court limiting Plaintiff's Expert Dr. Stephen Veigh from bringing forth any opinions that Plaintiff's accident caused her injuries in this case [D.E. 122], the witnesses and other evidence relating to the issues of liability and damages differs entirely. Liability evidence in this matter is limited to (1) Plaintiff's live testimony (Plaintiff has no recollection of event), (2) CCTV footage of the incident, (3) the videotaped deposition of Michael Kaskie (the crewmember who allegedly "spun" Plaintiff); and (4) potentially the videotaped deposition of John Lombado (who did not witness the fall). Thus, trying liability and damage issues separately can be handled expeditiously and efficiently, without any substantial duplication of witnesses or other evidence. Where the issues to be bifurcated call for separate and distinct evidence, bifurcation is appropriate. 2002 WL 34731041 at *1 ("Bifurcation of liability and damages is appropriate where the evidence necessary to prove each of these issues is unrelated."); *see also Hopkins v. National Railroad Passenger Corporation,* 2016 WL 1588499 at *3 (finding bifurcation appropriate where issues to

be addressed in liability phase were unrelated to evidence of damages and noting that bifurcation may still be appropriate even if a plaintiff must testify as to both issues).

**III.     Bifurcation will Preserve Judicial Economy and Resources.**

Bifurcation of the liability and damages issues is appropriate in this case because it will preserve judicial economy and time, the parties' resources and time, and the juries' time and expenses. First, to proceed to a determination of damages, Plaintiff must establish that NCL is liable for negligence. In the absence of such a finding, evidence as to damages is irrelevant. Here, while trial on liability is likely to be short, presenting evidence as to Plaintiff's damages is guaranteed to be lengthy. It would be more efficient to present evidence solely on the issue of Defendant's alleged negligence and then, only in the event of a finding of liability, proceed to the presentation of evidence as to Plaintiff's damages. In this regard, NCL submits that bifurcating the liability and damages issues will significantly reduce the time necessary for trial as the liability issues can likely be concluded within the first day of trial. Separate trials will also allow the jury and parties to concentrate on the detailed liability issues prior to consideration of causation and claimed damages. Should the jury find NCL liable, the trial on damages would be immediately completed with the same jury.

Courts frequently bifurcate liability and damages issues in circumstances similar to those present here. For instance, in *Gafen*, a defendant sought to bifurcate the issues of liability and damages issues under Rule 42(b), arguing that bifurcation would conserve time and judicial resources, and allow the case to be handled in an expeditious manner with no duplicative evidence. 2002 WL 34731041, at * 1. In concluding that the requested bifurcation was appropriate, the court stated:

> The Court finds that the evidence necessary to determine liability is entirely different from that necessary to determine damages.

> Moreover, it is preferable that the jury consider the question of liability without the potential prejudice caused by evidence concerning the severe injuries to [the plaintiffs]. [citation omitted]. The Court also notes that resolution of all questions regarding liability may allow the parties to reach a settlement without the need to proceed to a damages trial. [citation omitted].

*Id*., at 1.

In *Gilbert v. State Farm Mutual Auto* Ins., 311 F.R.D. 685, 686 (M.D. Fla. 2015), the Defendant requested bifurcation of liability and damages arguing in pertinent part, that "the issue of liability [was] 'straightforward' in contrast to the issue of damages. The court agreed, ruling that "it would be neither convenient nor economical for the parties to present evidence related to the Plaintiff's injuries" in the event Plaintiff was precluded from recovering from Defendant at all. *Id.* at 687.

In *Odom v. Royal Caribbean Cruises, Ltd.,* a defendant likewise argued that bifurcation would best serve the convenience of the parties and minimize expenses because liability issues were straightforward and the only issues that need to be decided by the Court was whether the Plaintiff tripped and fell due to a utensil on the floor and whether Defendant had notice of this alleged dangerous condition prior to her fall. *Odom v. Royal Caribbean Cruises, Ltd*., No. 18-24780-CIV-ALTONAGA/Goodman, 2019 U.S. Dist. LEXIS 229685, at *2 (S.D. Fla. Nov. 1, 2019). Defendant further argued that should the Court not grant its motion, trying medical causation and claimed damages would require the presentation of substantial medical records and expert testimony, which would unnecessarily enlarge the length of the trial by several days. *Id.* The court agreed with the defendant's arguments that granted defendant's motion to bifurcate trial because "it [would] be more efficient to address the straightforward issues of whether Plaintiff tripped …, and whether Defendant had notice…, separately from damages." *Id.*

Here, like *Odom*, liability issues can be tried relatively quickly because, as mentioned above, liability evidence in this matter is limited to (1) Plaintiff's live testimony (Plaintiff has no recollection of event), (2) CCTV footage of the incident, (3) the videotaped deposition of Michael Kaskie (the crewmember who allegedly "spun" Plaintiff); and (4) potentially the videotaped deposition of John Lombado (who did not witness the fall). Trying medical causation and claimed damages would require presentation of substantial medical records and expert testimony and would only serve to unnecessarily enlarge the length of the trial by several days. As such, should the Court grant this instant motion, significant resources could be saved.

### IV. Plaintiff will not be Prejudiced should the Court Bifurcate Trial.

Defendant presumes that as a basis of opposition to this motion, Plaintiff will argue that bifurcation would unduly prejudice her. However, no prejudice will be sustained with bifurcation of the liability and damages issues. While NCL respectfully submits that there should be a finding of no liability which would conclude the matter, to the extent the jury finds otherwise, Plaintiff will be permitted to immediately present testimony and evidence of her claimed damages before the same jury. The plaintiff in *Odom* likewise argued that she would be prejudiced if the court granted defendant's motion to bifurcate trial, and found it unavailing, and ultimately granted defendant's motion.

WHEREFORE, Defendant, NCL, respectfully requests that this Honorable Court enter an Order granting the instant Motion and bifurcate the liability and damages issues at trial, and for all other relief this Honorable Court deems just and proper under the circumstances.

### LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies that he conferred with Plaintiff's counsel prior to

filing the instant motion in a good faith effort to resolve the issues raised herein and was advised that Plaintiff opposes the relief requested.

> **Respectfully submitted,**
>
> **McALPIN CONROY, P.A.**
> *Counsel for NCL (Bahamas) Ltd.*
> 80 S.W. 8th Street, Suite 2805
> Miami, Florida 33130
> Tel: (305) 810-5400
> Fax: (305) 810-5401
>
> By: *Richard J. McAlpin*
> Richard J. McAlpin, Esq.
> Florida Bar No.: 438420
> rmcalpin@mcalpinconroy.com
> Daniel S. Marcotte, Esq.
> Florida Bar No. 52314
> dmarcotte@mcalpinconroy.com
> lmonteagudo@mcalpinconroy.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

> */s/ Richard J. McAlpin*

## SERVICE LIST

David W. Singer
Peter G. Walsh
DAVID W. SINGER & ASSOCIATES, P.A.
Hollywood, Florida 33020
Telephone: 954-920-1571
Fascimile: 954-926-5746
dsingeresq@aol.com
pwalsh@1800askfree.com
*Attorneys for Plaintiff*

Robert F. Datner
THE DATNER FIRM
340 N. Landsdowne Avenue
Landsdowne, PA 19050
Telephone: 610-394-3000
*Attorney for Plaintiff*